UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRIAN KEITH TOOLE,

       Plaintiff,

v.                                  Case No. 3:20-cv-753-J-39PDB

SERGEANT MARTINEZ and
OFFICER GARLAND,

       Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Brian Keith Toole, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Compl.) with exhibits (Docs. 1-1 through 1-5; Exs. A-E) and a motion to proceed as a pauper (Doc. 3). Plaintiff names as Defendants two corrections officers at Hamilton Correctional Institution-Annex.[1] He asserts the officers violated his Eighth Amendment rights on March 5, 2020, when they entered his cell in violation of Florida Administrative Code (FAC) rule 33-602.220(6)(a)[2] and "[tore] [his] room apart by throwing [his] paper work all over the cell." See Compl. at 3-5; Ex. A at 1. Plaintiff also alleges officer Garland "aggressively" pushed him,

_____

[1] Plaintiff alleges one Defendant holds the rank of Sergeant. The Court will reference each Defendants generally as "officer."

[2] Plaintiff says the rule provides officers must handcuff inmates before opening cell doors "for any purpose." See Ex. A at 1.

causing him to hit his lower back on the corner of his bunk.[3] See Compl. at 5; Ex. A at 1. He claims to have suffered nerve damage, which has been treated with medication and physical therapy. See Compl. at 5; Ex. B at 1.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration,

---

[3] Plaintiff submitted grievances reporting the incident, and his complaint was forwarded to the office of the Inspector General for investigation. See Exs. D, E.

and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

"When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson v. McMillian, 503 U.S. 1, 9 (1992). However, not "every malevolent touch" by a prison official constitutes a

3

malicious and sadistic use of force. Id. at 10. To state a claim for excessive force under the Eighth Amendment, a plaintiff must allege "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). Instead, the plaintiff must allege the force used was willful and wanton, meaning it was applied "maliciously and sadistically to cause harm." Campbell v. Sikes, 169 F. 3d 1353, 1375 (11th Cir. 1999). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Hudson, 503 U.S. at 9 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

Eighth Amendment jurisprudence permits prison guards leeway to use force when necessary "to maintain or restore discipline." Whitley, 475 U.S. at 320-21. Thus, a prison guard may use spontaneous force against an inmate who threatens the safety of prison staff or other inmates. Id. The Eleventh Circuit has articulated five factors courts may consider in determining whether an officer's use of force was in good faith or carried out maliciously and sadistically for the purpose of causing harm:

> (1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

4

Campbell, 169 F.3d at 1375.

Plaintiff does not allege conduct by the officers that permits the inference they acted maliciously and sadistically for the purpose of causing harm. The only allegation Plaintiff makes against officer Martinez is that he entered Plaintiff's cell in violation of the FAC and participated in "tear[ing] apart" the cell. See Ex. A at 1. Accepting these allegations as true, Plaintiff alleges no facts showing a constitutional violation by officer Martinez.

As to officer Garland, Plaintiff's own allegations permit the conclusion some amount of reactionary force was justified under the circumstances. Plaintiff alleges that when the officers entered his cell, he "jump[ed] off [his] bunk and approach[ed]" the officers." Id. Thus, applying the relevant Eleventh Circuit factors, Plaintiff's allegations permit the reasonable conclusion that officer Garland was justified in using some force against Plaintiff; the amount of force was minimal (a push); and Plaintiff suffered only a minor injury (nerve damage). See Campbell, 169 F.3d at 1375.

However, even if officer Garland was not justified in using force against Plaintiff, the allegations do not permit the reasonable inference officer Garland acted with more than ordinary lack of due care. That officer Garland was "aggressive" toward Plaintiff when Plaintiff jumped off his bunk and approached the

officers does not permit the inference officer Garland acted with malicious intent or for the purpose of causing harm. Indeed, Plaintiff does not allege officer Garland harbored ill-will toward him, threatened him, or expressed an intent to physically harm him. See Compl. at 5.

Plaintiff's conclusory assertion devoid of factual support that the officers' violation of the FAC permits the inference they intended to harm him is unconvincing. See id. If the officers intended to physically harm Plaintiff, they likely would have engaged in other more overt acts of violence against him after officer Garland pushed him to the floor. Instead, the officers simply made a mess of his cell. While unkind and unnecessary, such conduct is not an Eighth Amendment violation. To the extent the officers should have cuffed Plaintiff before entering his cell, such an oversight constitutes simple negligence or can be explained by motivations other than to cause Plaintiff harm, such as a desire to buck or exert authority.

Finally, accepting as true the officers violated a provision of the FAC, such conduct, standing alone, is not a constitutional violation and thus is not actionable under § 1983. See Bingham, 654 F.3d at 1175. See also Burlinson v. Francis, No. 4:18CV595-MW/MAF, 2020 WL 5038793, at *5 (N.D. Fla. July 21, 2020), report and recommendation adopted, No. 4:18CV595-MW/MAF, 2020 WL 5026546 (N.D. Fla. Aug. 24, 2020) ("[F]ailure to follow rules, including

those pertaining to handcuffing inmates . . . does not give rise to a separate constitutional claim.").

Accordingly, it is

**ORDERED:**

1.   This case is **DISMISSED without prejudice.**

2.   The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of September 2020.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Brian Keith Toole

7